UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
MARGARET DOLSON,

                Plaintiff,

  -against-                                       05 CIV. 2204 (CM)

VILLAGE OF WASHINGTONVILLE, STEPHEN
PASCAL, CHIEF OF POLICE, sued in his
individual capacity,

                Defendants.
-------------------------------------------------------------------------------X


================================================================

## MEMORANDUM OF LAW

================================================================




BOEGGEMAN, GEORGE, HODGES & CORDE, P.C.
Attorneys for Defendants
11 Martine Avenue
White Plains, New York  10606
(914) 761-2252

# TABLE OF CONTENTS

*Page*

Statement of Material Facts ........................................................................................................1

**POINT I**

The defendant Pascal is entitled
to summary judgment on the issue
of qualified immunity ................................................................................................................3

Conclusion ..................................................................................................................................5

## STATEMENT OF MATERIAL FACTS

1. The plaintiff commenced this action by the service of her summons and complaint on February 24, 2005.

2. Issue was joined by the service of an Answer dated March 16, 2005.

3. The plaintiff alleges in her complaint that the defendants Village of Washingtonville and its Chief of Police, Stephen Pascal discriminated against the plaintiff on the basis of race adversely affecting the terms and conditions of her employment.

4. The plaintiff is seeking relief against the Village and its Chief of Police under 42 USC § 1981-A and the equal protection clause of the Fourteenth Amendment pursuant to 42 USC § 1983 and Section 296 of the Executive Law of the State of New York.

5. The defendants deny the plaintiff's allegations and set forth affirmative defenses in their Answer including that of qualified immunity, that the defendants had a legitimate non-discriminatory reason for firing the plaintiff, that the plaintiff failed to avail herself to the appropriate remedies necessary to avoid such harm and that there are no similarly situated individuals from which the plaintiff has been treated differently, and that if the plaintiff made any such complaints, the defendants, particularly the Chief of Police exercised reasonable care to prevent and to promptly correct the alleged discrimination and harassment.

6. The evidence establishes that the defendant Chief of Police, Stephen Pascal did not violate the plaintiff's federal and state constitutional rights when he suspended the plaintiff without pay on February 24, 2005 for violating the rules and regulations of the Village of Washingtonville Police Department and NYSPIN pending the outcome of a hearing (Article 78) before the Village Board.

7. In addition, the defendant Pascal did not intentionally discriminate against the plaintiff and condone any such conduct that adversely affected the plaintiff's employment.

## POINT I

### THE DEFENDANT PASCAL IS ENTITLED TO SUMMARY JUDGMENT ON THE ISSUE OF QUALIFIED IMMUNITY.

It is well established that a government employee sued in his individual capacity for damages arising out of his performance of discretionary functions is entitled to qualified immunity where it was objectively reasonable to believe that his acts did not violate clearly established federally protected rights. *See, e.g.,* Anderson v. Creighton, 483 U.S. 635, 639-40, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987); Malley v. Briggs, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986); Harlow v. Fitzgerald, 475 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). A defendant is entitled to the qualified immunity defense if his actions were objectively reasonable, "as measured by reference to clearly established law and the information that the defendants possessed." Anderson v. Creighton, *Supra*. at 483 U.S. at 641, 107 S.Ct. at 3040 (1987); Robinson v. Via, 821 F.2d 913, 921, (2d Cir. 1987).

The qualified immunity defense may be upheld as a matter of law when the evidence is such that, even when it is viewed in the light most favorable to the plaintiffs and with all permissible inferences drawn in their favor, no rational jury could fail to conclude that it was objectively reasonable for the defendant to believe that he was acting in a fashion that did not violate such a right. See, Robinson v. Via, 821 F.2d 913, 921, (2d Cir. 1987).

It is respectfully submitted that it was objectively reasonable for the defendant Chief of Police, Stephen Pascal to believe that he did not violate the plaintiff's federal and state constitutional rights when he suspended the plaintiff without pay on February

5

24, 2005 for violating the rules and regulations of the Village of Washingtonville Police Department and NYSPIN pending the outcome of a hearing (Article 78) before the Village Board. In addition, the defendant Pascal did not intentionally discriminate against the plaintiff and condone any such conduct that adversely affected the plaintiff's employment.

      Evidence in admissible form supporting the defendant's motion will be submitted in accordance with your Honor's rules following the plaintiff's deposition of March 30, 2005.

## CONCLUSION

It is respectfully submitted that based upon the foregoing, and the evidence to be submitted following the plaintiff's deposition, that the defendant Stephen Pascal's motion for summary judgment pursuant to Rule 56 (c) on the issue of qualified immunity should be granted in its entirety, as a matter of law, and that the plaintiff's complaint against the individual defendant be dismissed, with prejudice, and for such further and additional relief as this Court may deem necessary.

DATED:  White Plains, New York
          March 16, 2005

                              Respectfully submitted,

                              _____S/_____
                              BY: CYNTHIA DOLAN, ESQ.
                              BOEGGEMAN, GEORGE, HODGES
                              & CORDE, P.C.
                              Attorneys for Defendants
                              11 Martine Avenue
                              White Plains, New York 10606
                              (914) 761-2252