UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────────────x

MARGARET DOLSON,

       Plaintiff,

   -against-                                        05 Civ. 2204 (CM)

VILLAGE OF WASHINGTONVILLE,
STEPHEN PASCAL, CHIEF OF POLICE,
sued in his individual capacity,

       Defendants.

─────────────────────────────────────────x

                MEMORANDUM DECISION AND ORDER
                DENYING DEFENDANT PASCAL'S MOTION
                FOR SUMMARY JUDGMENT ON THE
                GROUND OF QUALIFIED IMMUNITY

McMahon, J.:

      Margaret Dolson was a dispatcher with the Police Department in the Village of Washingtonville. She alleges that Washingtonville's Chief of Police, Stephen Pascal, discriminated against her at work by favoring a white dispatcher – and, ultimately, by firing plaintiff – because she is black. Among her other allegations, plaintiff contends that Pascal permitted the white dispatcher, Maria Fleming, to miss work without consequence; to be given responsibility for training new dispatchers; and to be given overtime opportunities. Plaintiff also contends that Chief Pascal attempted to change her job title so he could alter her shift and charged her for being late without so charging white employees. Finally, plaintiff complains that she was suspended for unauthorized use of the New York State Penal Information Network (NYSPIN) system, an activity that plaintiff alleges is "commonplace" among other employees, and that the conditions imposed during her suspension were not imposed on a white police officer who was suspended after allegations that he had sex with a minor. Ultimately (after she filed the instant complaint), plaintiff was fired from her job, allegedly due to her use of the NYSPIN system. The instant complaint was filed before plaintiff was fired and does not allege that her firing was on account of her race (although I gather that plaintiff's attorney may pursue such a theory – if so, he had better move for leave to amend his complaint).

      There are two motions before the court: a motion by both defendants to dismiss the complaint pursuant to Rule 12(b)(6) for failure to state a claim, and a motion by Pascal to dismiss the complaint as against him on the ground of qualified immunity.

**Failure to Plead a Prima Facie Case**

Defendants' notice of motion invokes Rule 12(b)(6) of the Federal Rules of Civil Procedure, which permits the dismissal of a complaint for failure to state a claim upon which relief can be granted. However, a Rule 12(b)(6) motion is a pre-answer motion. Defendants have filed their answer. They should have invoked Rule 12(c), for judgment on the pleadings.

The standards used in deciding a motion for judgment on the pleadings are identical to those used on a Rule 12(b)(6) motion. The standard of review is heavily weighted in favor of the plaintiff. The Court is required to read a complaint generously, drawing all reasonable inferences from the complaint's allegations in the plaintiff's favor. California Motor Transport Co. v. Trucking Unlimited, 404 U.S. 508, 515 (1972). "In ruling on a motion to dismiss for failure to state a claim upon which relief may be granted, the court is required to accept the material facts alleged in the complaint as true." Frasier v. General Electric Co., 930 F.2d 1004, 1007 (2d Cir.1991). The Court must deny the motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Stewart v. Jackson & Nash, 976 F.2d 86, 87 (2d Cir. 1992) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

I cannot say, after reviewing the complaint in this action,[1] and drawing all inferences in favor of the plaintiff, that she has failed to state a claim for race discrimination in the terms and conditions of her employment. Therefore, defendant is not entitled to judgment on the pleadings.

The complaint alleges that defendant, who is the only black employee of the Police Department and has been the only such employee since 1991, was subjected to disparate treatment from other (white) employees in a number of respects: she was disciplined for missing work when a white employee was permitted to take time off for the same reason without being disciplined; she was not allowed to train new dispatchers (a duty she had been performing for some years) and that duty was given to a white dispatcher; she was denied opportunities for overtime work that were given to white dispatchers; she was treated differently than white employees when she was suspended and subjected to charges for allegedly misusing the Police Department's NYSPIN system; she was suspended for alleged misconduct when a white officer accused of more serious misconduct was not suspended. The complaint, fairly read, seems also to allege that Dolson was subjected to a hostile work environment in several respects. At the pleading stage, the complaint is sufficient. It sufficiently alleges that she suffered adverse employment actions (discipline, lack of opportunity to earn overtime pay, removal of longstanding duties; harassment/hostile work environment) and that white employees who are similarly situated did not suffer the same adverse employment actions. At the pleading stage, no more is required. Whether those allegations will stand remains to be determined.

Therefore, defendants' motion for judgment on the pleadings is denied.

**Qualified Immunity**

---

[1] In connection with the motion for judgment on the pleadings, I have considered only the four corners of the pleadings – nothing else.

Pascal also moves for summary judgment dismissing the complaint on the ground of qualified immunity.[2] This motion, too, is denied.

Government officials performing discretionary functions are entitled to qualified immunity from federal constitutional claims as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated. Anderson v. Creighton, 483 U.S. 635, 638, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987).

In Saucier v. Katz, 533 U.S. 194 (2001), the Supreme Court indicated that the availability of qualified immunity ought to be decided by the Court at the earliest possible opportunity – preferably at the outset of the case, which is a point at which plaintiff's well pleaded allegations are assumed to be true, and defendant's version of the facts is immaterial. Thus, as the Second Circuit explained in Stephenson v. John Doe, Detective, 332 F.3d 68 (2d Cir. 2003), when determining a motion to dismiss on qualified immunity grounds in advance of full merits discovery, the plaintiff's version of the facts is presumed to be true, and the question to be answered is whether a reasonable Government officer, confronted with the facts as alleged by plaintiff, could reasonably have believed that his actions did not violate some settled constitutional right.

The inquiry is a two-step one. First, the court must determine whether, taking the facts in the light most favorable to the party asserting the injury, a constitutional infraction was committed. Saucier, supra, 533 U.S. at 201. If the answer to that question is yes, the court must decide whether a reasonable official in defendant's position (as that position is described by plaintiff) ought to have known that he was violating plaintiff's constitutional rights *by doing what plaintiff alleges he did.* Ordinarily, the relevant inquiry will be whether the law is in fact well-settled, because if it is, "the immunity defense ordinarily should fail, since a reasonably competent public official should know the law governing his conduct." Harlow v. Fitzgerald, 457 U.S. 800, 818-19 (1982).

A defendant's assertion that the plaintiff's constitutional rights were not violated, or that her version of events is wrong, does not go to the question of whether the officer was entitled to qualified immunity. Stephenson, 332 F.3d at 78 (citing Saucier, 533 U.S. at 205, 206). Therefore, it is no defense to a claim of qualified immunity that the defendant did not do what plaintiff said he did (in this case, that the defendant did not discriminate against the plaintiff on account of her race). I must presume that the plaintiff's version of events is true, and I cannot take into account assertions by the accused officer that contradict the plaintiff's allegations.[3]

---

[2] Washingtonville is of course not entitled to qualified immunity, but would benefit if Pascal were entitled to it, because it is his actions that form the basis for holding the Village liable – whether under a Pembaur theory of liability, see Pembaur v. City of Cincinnati, 475 U.S. 469 (1986), or pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978), I cannot say at this time.

[3] That is why my local rules read as they do, and bar the plaintiff from taking any discovery of the defendants prior to the resolution of a motion for summary judgment on the

Nothing in Saucier deprives the plaintiff of her Seventh Amendment right to have a jury resolve all disputed issues of material fact. If plaintiff's version of the facts is wrong and defendant's is correct, then the defendant will prevail, not because of qualified immunity, but because he did nothing wrong.

Here, Pascal has no basis for invoking the doctrine of qualified immunity. Putting anything relating to Dolson's actual discharge to one side (because the instant complaint was filed before plaintiff was fired) – if the charges made by plaintiff are true, they state a claim for relief under 42 U.S.C. §§ 1981 and 1983. Plaintiff has alleged that she was discriminated against in the terms and conditions of her employment because she was treated differently than white employees who were similarly situated to her in a variety of ways, at least some of which constitute adverse employment actions. I am in no position to adjudicate the truth of those charges today; indeed, for purposes of the instant motion, I must assume that plaintiff's allegations are true. Defendant's version of events (including Pascal's statement that he favored the white dispatcher because she was his mistress) is utterly irrelevant at this point in the lawsuit.

The law barring state actors from discrimination in employment on grounds of race has been settled for decades. Pascal cannot plausibly allege that he could not have known that the law forbade him from denying employment opportunities to Dolson while granting them to similarly situated white employees, or imposing employment discipline on Dolson but not on similarly situated white employees, if in fact he did so on account of Dolson's race.  It is never objectively reasonable to discriminate on the basis of race, and no reasonable person could believe otherwise.

Of course, Pascal may not have discriminated against Dolson on the basis of her race. He may have acted toward her with perfect justification. She may have perceived slights where in fact there were none. The mere fact that Dolson is black does not mean that supervisory decisions which aggrieved her were motivated by improper considerations.

But that has nothing whatever to do with qualified immunity. Qualified immunity protects  protects a public official *who has committed a constitutional violation* from being held liable for that violation. If Pascal did not commit a constitutional violation – that is, if he did not discriminate against Dolson on the basis of her race – then he will win this lawsuit on the merits, not simply be shielded from liability because of qualified immunity.

Conclusion

All defense motions are denied. A scheduling order for the rest of the discovery is attached.

This constitutes the decision and order of the court.

Dated: August 10, 2005

---

ground of qualified immunity.

This constitutes the decision and order of the court.

Dated: August 10, 2005

_____
U.S.D.J.

BY FAX TO:

Michael H. Sussman, Esq.
Cynthia Dolan, Esq.